Ludeling, C. J.
The defendant, having been convicted of the crime of perjury and sentenced to imprisonment at hard labor for five years, has appealed from said judgment.
It will be necessary to notice only the first assignment of error,' which is in the words following:
“The trial and sentence was coram non judice in this, that George H. Braughn, Esq.', an attorney at law, had no legal right to act as judge in the trial of the accused and pass sentence on him ; that the order appointing said George H. Braughn as judge of the Superior Criminal Court is null and void. Section 10 of the act 124 of 1874, under the authority of which said order so appointing said George H. Braughn as judge aforesaid was made, is unconstitutional and obnoxious to arti- ' cles 83, 90 and 94 of the constitution of the State.”
The State assumes the position that Mr. Braughn was a de facto judge, and that his right to hold the office can not be questioned col- ■ laterally. In his brief the Attorney General says:
“We assume the position that the question of Judge Braughn’s authority to act as judge of the Superior Criminal Court on the trial' of this case, can not be heard and determined by this court on this appeal.
“That if the court, from an examination of the record, finds that Braughn was a de facto officer when he tried the case, the validity of his acts will not be questioned.
*664 “ This position is founded upon a rule of law which has been repeatedly recognized by the Supreme Court of this State, and of other States; i. e., that the acts of de faeto officers are binding as to third parties.
• “Whether the appointment of Braughn as judge of said court was or was not legal, can only be considered in a suit properly instituted, having for its object his vacation of the office into which he has intruded, or which he has usurped, or which, from any cause, he illegally holds.
“Any other mode of attacking his powers, or the legality of his acts considered only as a judge, would be subject to the objection that it is done by third parties, and done collaterally in proceedings the issues in which were made for wholly different purposes — to which the judge is not a party — and can not be incidentally made a party by plea or exception, and be thus required to contest his de jure right to act as a judge in a particular case.
“He can only be required to show in any case that he is acting under a color of title. On these points authorities are abundant to sustain what we have said. We refer to 15 Mass. 183, 171; 9 Johnson 135; 3 Abbot Dig. 352; U. S. Dig. vol. 2, 1871, p. 519; 3 An. 633; 10 An. 524; 13 An. 607; 22 An. 33; 16 Peters 71; 13 An. 404 ; 25 An. 548, 671.”
The proposition, that a de faeto officer’s right to the office held by him can not be attacked collaterally, is unquestionable. But the error in this argument is in assuming that Mr. Braughn was a defacto officer. Mr. Braughn did not pretend to hold the office of judge of the Superior Criminal Court, but, on the contrary, he recognized the right of Judge Atocha to said office, and he only claimed to exercise the functions of that office under a delegation of power from Judge Atocha. The right of Judge Atocha to said office was never disputed by Mr. Braughn, and his right to preside in that court would have been acknowledged by Mr. Braughn and the people any day during all the time Mr. Braughn acted under the said delegation of authority. Therefore, the question about the validity of a de facto officer’s acts can not arise in this case.
The question is, had the Judge of the Superior Criminal Court the right to appoint an attorney to act in his stead, as he did by the following general order rendered in chambers:
“New Orleans, February 20, 1875.
“ Order__The judge of the Superior Criminal Court for the parish of Orleans, A. A. Atocha, Esq., being temporarily unable to act in his capacity of judge, by reason of severe illness, it is ordered, pursuant to the provisions of section 10 of act No. 124 of the General Assembly *665 of the State, approved April 9, 1874, and under the power and authority granted, that George H. Braughn, Esq., an attorney at law, who is duly qualified,, he and he is hereby appointed to preside as judge of the Superior Criminal Court for the parish of Orleans, during the inability of the judge to act, as above set forth, and shall, during the time he shall act, have the same powers as the judge of the court. It is further ordered that a copy of this order be forthwith communicated to the Governor, Attorney General, Secretary of State, district attorney and sheriff of the criminal courts. “ A. A. ATOCHA,
“Judge of the Superior Criminal Court of parish of Orleans.”
It seems to be conceded that the act No. 124 of the General Assembly of 1874 confers this power on the judge of the Superior Criminal Court, if it be constitutional. Is it constitutional1? Article 73 of the constitution provides that “ the judicial power shall be vested in a Supreme Court, in district courts, in parish courts, and in justices of the peace.” And article 83 of the constitution declaies that “the General Assembly shall divide the State into judicial districts, which shall remain unchanged for four years; and for each district court, one judge, learned in the law, shall be elected for each district by a plurality of the qualified electors thereof. For each district there shall be one district court, except in the parish of Orleans, in which the General Assembly may establish as many district courts as the general interests may require,” etc.
In 1853 the General Assembly passed an act to provide for the trial of recused cases out of New Orleans, by which the recused judge was authorized to select three members of the bar in attendance, from whom one should be chosen, by lot, to try the cases. This court held that said act was unconstitutional, because it provided a mode for choosing judges different from that prescribed in the constitution.
The act No. 124 is obnoxious to the same objection. It would be obnoxious to an additional objection, if the assumption of the State, that Mr. Braughn was a de facto officer, were correct; in that case the statute would provide for having two judges for ti e Superior Criminal Court, whereas article 83 declares that “for each court, one judge, learned in the law, shall be elected,” etc.
However, it is contended that the decisions above referred to, reported in 9 An. 62, and 10 An. 642, were made under the constitution of 1852, and that article 90 of the present constitution was not to be found in the constitution of 1852.
This is true — but instead of authorizing the enactment of section 10 of act No. 124, article 90 forbids it. In terms of command, it directs the judge when and how he shall select another to preside in his place. It provides, that “in any case, when the judge may be recused, and *666 when he is not personally interested in the matter in contestation, he shall select a lawyer, having the qualifications required for a judge of his court, to try such cases. And when the judge is personally interested in the suit, he shall call upon the parish or district judge, as the case may be, to try the case.”
Obviously this article did not conier any power upon the General Assembly; but, by indicating, precisely, how and when the judge shall select another to preside in his stead to try certain causes, it excluded other modes of selection and other causes; and, as the manner of choosing a judge, provided for in section 10 of act No. 124, differs from that prescribed in article 90, the said section is null and void.
It is therefore ordered that'the verdict and judgment in this case be annulled; and it is further decreed that the case be remanded to the court a qua to be tried according to law.
Rehearing refused.